Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# OPINION

No. 04-10-00866-CR

The **STATE** of Texas,
Appellant

v.

Robert Louis **ROSSEAU**,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-0777
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 14, 2011

REVERSED AND REMANDED

The State appeals the trial court's pre-trial order quashing the portion of the indictment used to elevate each count of sexual assault from a second degree felony to a first degree felony under section 22.011(f) of the Texas Penal Code. We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert Rosseau was indicted on thirty (30) counts of sexual assault of a child involving two female victims younger than 17 years of age, A.F. and A.H., and occurring over the course of three years. A.H. is Rosseau's step-daughter and A.F. is her friend. Each count contains language alleging the particular conduct constituting sexual assault, plus language alleging that, at the time of the sexual assault, the victim was "a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code, in that, the defendant was legally married to a person other than [the victim]."[1] This additional allegation under subsection (f) of section 22.011 of the Penal Code elevates the degree of the sexual assault offense from a second to a first degree felony, and thereby increases the range of punishment. *See* TEX. PENAL CODE ANN. § 22.011(f) (West 2011). Rosseau filed a pre-trial motion to quash the subsection (f) portion of each count of the indictment, alleging that,

> [T]he application [of §22.011(f)] to the present indictment is inappropriate. It creates a 'class of individuals' who would potentially receive a greater punishment than TPC, Sec. 22.011 contemplates. As applied, it violates the equal protection and the due process sections of both the State and Federal Constitutions. It punishes people for being married. Clearly, the legislature did not intend this section to have that effect. To allow this enhancement would lead to absurd and legislatively unintended consequences.

Rosseau's motion to quash included two exhibits containing legislative history for the 2005 amendment which rewrote subsection (f) of section 22.011. The Conference Committee Report for S.B. 6 (Exhibit A) states, in relevant part, that,

> The provisions of the bill that are the subject of this analysis would amend the Family Code and Penal Code as they relate to felony level offense sanctions . . .

---

[1] Section 25.01(a)(1) of the Penal Code provides that a person commits the offense of bigamy if (i) the person is legally married, and (ii) purports to marry or does marry another person, or lives with another person under the appearance of being married. *See* TEX. PENAL CODE ANN. § 25.01(a)(1) (West 2011).

The bill would amend the Penal Code by enhancing the punishment by one class for the offense of sexual assault . . . when the offense of bigamy or certain categories of bigamy are involved. The bill would also enhance the offense of bigamy from a Class A misdemeanor to a felony of the third degree . . . .

The Bill Summary for S.B. 6 (Exhibit B) states that, "Senate Bill 6 amends the Education Code, Family Code, Government Code, Human Resources Code, Penal Code, Code of Criminal Procedure, and Texas Probate Code to make a number of reforms to the children's protective services and adult protective services programs, certain related guardianship issues, and other family law matters." The only reference in the Bill Summary to the bigamy statute is in the last paragraph which states, "Finally, Senate Bill 6 amends the Family Code and Penal Code to clarify provisions of the law relating to the offense of bigamy and to increase the penalty for the offense from a Class A misdemeanor to a felony of the third, second, or first degree depending on the age of the person to [sic] whom an actor purports to marry or with whom the actor lives under the appearance of marriage." The Bill Summary makes no reference to elevation of the degree of felony for sexual assault involving bigamy, as authorized by subsection (f) of section 22.011.

During the pre-trial hearing on Rosseau's motion to quash, defense counsel characterized the grounds of the motion as follows:

My entire argument is that application of this present indictment to Robert Rosseau would put him in a class of individuals that would potentially receive greater punishment than 22.011 contemplates . . . I believe that this statute punishes people for being married, that the application as to Robert Rosseau would, in fact, punish him for being married. I do not believe that was the intention of the legislature at all. I believe the legislation was specifically directed towards a specific unique legal moral political circumstance that was happening in our state and nearby states, and the State should be precluded from the enhancement . . . .

In response, the State first objected to the legislative history attached to Rosseau's motion to quash, arguing it is not relevant because section 22.011(f) is "very clear on its face," and the indictment properly tracks the statutory language. The State further argued the statute does not violate equal protection or due process because it does not penalize people for being married, but rather seeks to protect the spouse of the victim or defendant and the sanctity of marriage. The State described the application of the plain, clear language of section 22.011(f) to this case, stating, "this is a felony in the first degree if the victim was a person whom the actor was prohibited from marrying, which in this case the defendant was by law prohibited from marrying the victim because the defendant was already married to the mother of the victim."

At the conclusion of the hearing, the trial court granted the motion to quash, explaining its reasoning as follows:

> You [the State] might be tracking the statute very precisely, but I don't believe that the statute was ever intended to say we're going to take this bigamy statute, we're going to enhance it over here, even though the person who is charged, the evidence is not going to show that they were engaging in bigamy or doing any of the things that is listed in this bigamy statute. When it was first presented to me, I thought that the fact scenario was going to show that not only was the person committing the offense of sexual assault but they were also doing something applicable under this bigamy statute, other than just having the status of being a married person. So I don't see it. I think it raises constitutional issues . . . [which] does make it a proper subject for a motion to quash. I'm going to find that it is violative of constitutional rights and I'm going to grant the motion to quash in part . . . with regard to each enhancement provision . . . .

The court's written order grants the motion to quash in part as to "all enhancements." The State appealed, and moved for a stay of the trial court proceedings pending appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1), (e) (West Supp. 2010). The stay was granted and this appeal followed.

**MOTION TO QUASH INDICTMENT**

On appeal, the State asserts that the trial court erred in quashing the subsection (f) portion of each count of the indictment because: (1) Rosseau's motion to quash only raised an "as-applied" challenge to the constitutionality of section 22.011(f), which could not be determined pre-trial because it depends on the facts developed at trial; and (2) alternatively, section 22.011(f) is constitutional. In response, Rosseau argues the statute violates equal protection and due process because it penalizes married persons and that was not the legislative intent; therefore, the statute is unconstitutional and the court correctly quashed those portions of the indictment.

*Jurisdiction*

As an initial matter, we must determine whether the State has the right to appeal the court's pretrial order, and thus whether we have jurisdiction over this appeal. Article 44.01(a) of the Code of Criminal Procedure authorizes the State to appeal in certain limited situations such as from an order that "dismisses an indictment . . . or any portion of an indictment." TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1). In his appellee's brief and at oral argument, Rosseau argued that the trial court's order quashing the subsection (f) portions of the indictment is not an appealable order because it does not foreclose the State from proceeding with its prosecution of the alleged sexual assaults, only from proceeding in the manner it desires, i.e., as first degree felonies; therefore, Rosseau asserts that because the order did not terminate the prosecution, the State does not have the right to appeal under article 44.01(a)(1) and this appeal must be dismissed for lack of jurisdiction. In its written response to a show cause order issued by this court, and at oral argument, the State asserted that we do have jurisdiction over this appeal because the trial court's order quashed "a portion of the indictment" as contemplated by article

44.01(a)(1), and the quashing of the subsection (f) portions of the indictment foreclosed the prosecution of the first degree felony offenses.

In addition, the parties further refined their positions during oral argument, and both sides have submitted post-argument supplemental authorities. Specifically, Rosseau contends the subsection (f) allegation set forth in the indictment constitutes a mere enhancement of the punishment range, not an element of the offense; therefore, the quashing of the subsection (f) paragraphs only affects the applicable range of punishment and does not affect the State's ability to obtain convictions on the alleged sexual assault conduct. The State, on the other hand, asserts the subsection (f) allegation constitutes an element of the first degree sexual assault offense in that it is a factual matter that must be proven during the guilt/innocence phase in order to obtain a first degree felony conviction, and that failure to prove the subsection (f) allegation would result in submission of a lesser included offense instruction, not merely the application of a lower punishment range; therefore, the State contends the court's order striking the subsection (f) portions of the indictment "effectively terminates the prosecution" as to the first degree felony offense over the State's objection, thus giving it the right to appeal.

Article 44.01(a)(1) gives the State the right to appeal any trial court order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint[.]" *Id.* This provision has been construed to mean the State may appeal any order, short of an acquittal, which has the effect of terminating the prosecution, regardless of how the order is labeled or characterized. *Moreno v. State*, 807 S.W.2d 327, 332 (Tex. Crim. App. 1991). In *Moreno*, the State was permitted to appeal a pretrial order quashing the information based on a lack of factual particularity because the court construed the trial court's order as effectively terminating the proceedings "so long as the State was 'not willing' to supply the missing notice."

*Id.* at 333-34 (finding it "of no significance that the State has the option of amending the information"). The rule in *Moreno* that the State may appeal any order "concerning an indictment or information" that effectively terminates the prosecution in favor of the defendant remains the controlling law. *See id.* at 332. Since *Moreno*, the Court of Criminal Appeals has consistently held that, for purposes of article 44.01(a)(1), a trial court order "effectively terminates" the prosecution when the effect of the order is to "force[] any alteration of the indictment . . . and the State is not willing to comply . . . ." *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 914 (Tex. Crim. App. 2011) (orig. proceeding) (noting State has right to appeal under article 44.01(a)(1) when the trial court's order forces an alteration on the face of the charging instrument, thereby effectively terminating prosecution of the offense as charged, but has no right to appeal a pretrial ruling on a possible punishment issue that does not dismiss any part of the actual indictment); *State v. Stanley*, 201 S.W.3d 754, 758-59 (Tex. Crim. App. 2006) (quoting *Moreno*, 807 S.W.2d at 334, and holding State had right to appeal order dismissing charging instrument on ground that statute was unconstitutional even though ruling was made after all trial evidence was received); *see also Taylor v. State*, 886 S.W.2d 262, 266 (Tex. Crim. App. 1994) (citing *Moreno* and noting that on its face article 44.01(a)(1) deals solely with dismissal of charging instruments and orders that have an effect on the indictment or information, and does not encompass an order dismissing a prosecution based on sufficient evidence establishing entrapment).

At oral argument and in his supplemental authorities, Rosseau relied on *State v. Morgan*, 160 S.W.3d 1 (Tex. Crim. App. 2004), but it is distinguishable from the case before us. The State in *Morgan* attempted to appeal from a pretrial advisory ruling by the trial court that, if the defendant were convicted of DWI as alleged in the information (which contained an

enhancement paragraph alleging a prior DWI conviction), the punishment range for a Class B, not a Class A, misdemeanor would be applied. *Id.* at 2. The Court of Criminal Appeals, relying on *Moreno*, noted the trial court's ruling affected only the punishment range and held the State had no right to appeal from the ruling because it did not affect the face of the indictment, but merely advised how the court intended to proceed at punishment if the State obtained a conviction; the order did not force an alteration of the information before trial could proceed on the information as written, and thus did not effectively terminate the prosecution under *Moreno*.[2] *Id.* at 4. In contrast, here the trial court's order quashing the allegations of bigamous conduct under section 22.011(f) altered the face of the indictment by striking the subsection (f) paragraphs from each count of sexual assault. The State's prosecution could only proceed on the altered indictment, which now alleged second degree felonies instead of first degree felonies. *See State v. Christensen*, No. 05-10-00940-CR, 2011 WL 2176656, at *2 (Tex. App.—Dallas June 6, 2011, pet. ref'd) (not designated for publication) (distinguishing *Morgan* and holding State had right to appeal under article 44.01(a)(1) because trial court's order did not simply construe the charging instrument while permitting the DWI prosecution to proceed as charged, but rather the order quashed an allegation of a prior DWI conviction which was an essential element of the felony DWI offense charged in the indictment, thereby terminating the prosecution of the felony offense).

The question of whether the subsection (f) allegation of bigamous conduct is an element of the section 22.011(f) offense or simply a punishment enhancement is central to our jurisdictional issue because it determines whether the court's order effectively terminates the prosecution of the offense as charged. Even though the term "enhancement" is often used rather

---

[2] Although the issue of whether the prior DWI conviction was an element of the offense, or merely a punishment enhancement, was briefed by the State, the court did not reach the merits of the issue. *Morgan*, 160 S.W.3d at 3.

loosely by courts and practitioners, for purposes of this discussion there is a clear distinction between a punishment "enhancement" and an "element" of an offense. An allegation of a prior conviction or other fact made for purposes of enhancement of the applicable punishment range is not a component element of the primary offense. *Calton v. State*, 176 S.W.3d 231, 233 (Tex. Crim. App. 2005) (citing *Brooks v. State*, 957 S.W.2d 30, 32 (Tex. Crim. App. 1997)); *Reyes v. State*, 314 S.W.3d 74, 80 (Tex. App.—San Antonio 2010, no pet.). "An enhancement 'increase[s] the punishment range to a certain range above that ordinarily prescribed for the indicted crime.' It does not change the offense, or the degree of the offense, of conviction." *Calton*, 176 S.W.3d at 233 (quoting *Ex parte Beck*, 769 S.W.2d 525, 527 (Tex. Crim. App. 1989)); *see also Ford v. State*, 334 S.W.3d 230, 234-35 (Tex. Crim. App. 2011) (recognizing the difference between statutory language that increases the offense level rather than increasing the punishment). Indeed, while a defendant is entitled to written notice of a punishment enhancement allegation, it need not be pled in the indictment nor proven during the guilt/innocence phase of trial. *Brooks*, 957 S.W.2d at 34; *Reyes*, 314 S.W.3d at 80. Moreover, there can be no enhancement until a person is first convicted of an offense of a certain degree; a "true" or "not true" finding on an enhancement allegation is made during the punishment phase, after conviction of the offense. *Calton*, 176 S.W.3d at 233-34.

An element, on the other hand, must be pled in the indictment and proven beyond a reasonable doubt during the guilt/innocence phase of trial—it is part of the fact finder's determination of whether the defendant is guilty of the charged offense. *See Reyes*, 314 S.W.3d at 81. The legislature has defined an "element of [an] offense" as (i) the forbidden conduct; (ii) the required culpability; (iii) any required result; and (iv) the negation of any exception to the offense. TEX. PENAL CODE ANN. § 1.07(a)(22) (West 2011); *Calton*, 176 S.W.3d at 233. In

determining whether a particular fact constitutes an element of the offense, as opposed to a punishment enhancement, the court looks to the plain language of the penal statute and applies the plain meaning of the statutory language if it is not ambiguous. *Calton*, 176 S.W.3d at 232-33 (recognizing a statute may present a prior conviction as either an enhancement or an element of the offense, and the court looks to the plain statutory language to determine which it is). Only if the statutory language is ambiguous or would lead to an absurd result, does the court resort to extra-textual sources to determine the elements of the offense. *Id.* at 233; *Reyes*, 314 S.W.3d at 80.

Here, the text of section 22.011(f) states as follows:

An offense under this section is a felony of the second degree, **except that** an offense under this section is a **felony of the first degree if** the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.

TEX. PENAL CODE ANN. § 22.011(f) (emphasis added). The statute defines a first degree felony sexual assault as occurring when a sexual assault has been committed under section 22.011 *and* when the victim was a person whom the defendant was prohibited from marrying, purporting to marry, or live with under the appearance of being married—which we refer to in this opinion as "bigamous conduct." *Id.* There is nothing ambiguous about the plain language of the statute. Indeed, the structure of section 22.011(f) is similar to that of the penal statutes analyzed in *Calton* and *Reyes* in which the courts concluded that an alleged prior conviction for the same offense was an element necessary for commission of the higher degree offense rather than merely a punishment enhancement. *See Calton*, 176 S.W.3d at 234; *see also Reyes*, 314 S.W.3d at 81. *Calton* analyzed Penal Code section 38.04 defining the offense of evading arrest as a Class B misdemeanor "except that the offense is . . . a felony of the third degree if . . . the actor

has been previously convicted under this section . . . ." *Calton*, 176 S.W.3d at 234. *Reyes* analyzed Penal Code section 22.01 defining assault-bodily injury (family) as a Class A misdemeanor "except that the offense is a felony of the third degree if . . . it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter . . . ." *Reyes*, 314 S.W.3d at 81. Both courts concluded the statutory language was not ambiguous, and that the plain language of the statute requires proof of the prior conviction as an element of the third degree felony offense. *Calton*, 176 S.W.3d at 234; *Reyes*, 314 S.W.3d at 81 (noting the structure of section 22.01 defining assault is similar to the statutory structure of section 38.04 defining evading arrest which was analyzed in *Calton*).

Similarly, here, section 22.011(f) provides that sexual assault is a second degree felony "*except that* an offense under this section is a felony of the first degree *if* the victim was a person whom the actor was prohibited from marrying . . . ." TEX. PENAL CODE ANN. § 22.011(f) (emphasis added). The statute has the same structure as the statutes in *Calton* and *Reyes*, providing that the offense is a certain class or degree of offense, "except that" it constitutes a higher class or degree of offense if a certain additional fact exists; as in *Calton* and *Reyes*, proof of this additional fact is required in order for the higher degree offense to occur. As in both cases, the plain language and structure of section 22.011(f) shows that the factual allegation of bigamous conduct is an element of the first degree felony offense which must be proved at the guilt/innocence phase of trial, rather than an enhancement to be applied at the punishment phase.

Based on the foregoing analysis, we agree with the State that it has the right to appeal the trial court's order quashing the subsection (f) portions of each count of the indictment. The effect of the subsection (f) allegation is to change the very nature of the offense by elevating the sexual assault conduct from a second degree felony to a first degree felony based on an

additional fact; it does not merely enhance the applicable punishment range, but changes the degree of the offense. Because it is an element of a first degree felony sexual assault offense, we conclude the quashing of the subsection (f) allegations effectively terminated the State's prosecution of Rosseau for first degree felony sexual assault. Accordingly, the trial court's order is appealable by the State under article 44.01(a)(1), and this court has jurisdiction over the appeal.

### Standard of Review

Having concluded that we have jurisdiction over this appeal, we proceed with our review of the trial court's order. We review a trial court's ruling on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). Generally, when an indictment tracks the language of a statute, it will satisfy constitutional requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). Further, a statute is presumed to be constitutional until it is determined otherwise, and a litigant who challenges the constitutionality of a statute has the burden of rebutting the presumption of constitutionality. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Flores v. State*, 245 S.W.3d 432, 438 (Tex. Crim. App. 2008).

### Analysis

#### Issue 1: Can an As-Applied Challenge be Resolved Pre-Trial ?

The State's first issue on appeal is that the trial court erred in granting Rosseau's pre-trial motion to quash because it raised an "as-applied" constitutional challenge and resolution of an "as-applied" challenge is dependent on the facts of the case—which had yet to be developed

through trial. The State contends it is improper to resolve an "as-applied" challenge in a pre-trial proceeding. We agree.

An "as-applied" constitutional challenge may not be resolved pretrial because it depends on development of the specific facts of the case showing how the statute is being applied to the defendant. *Lykos*, 330 S.W.3d at 910. In *Lykos*, the court held that because a claim that a statute is unconstitutional as applied requires a review of the evidence, it cannot be properly raised by a pretrial motion to quash the indictment. *Id.* at 910. The trial court does not have authority to conduct a pretrial evidentiary hearing with regard to a defendant's "as-applied" constitutional challenge to a statute. *Id.* at 919 (also noting a defendant is not permitted to attack the sufficiency or adequacy of an indictment by presenting evidence outside the four-corners of the indictment). Therefore, an "as applied" challenge must be brought during or after a trial on the merits because it is only then that the particular facts and circumstances of the case necessary to determine whether the statute has been applied in an unconstitutional manner have been presented. *Id.* at 910.

Here, the text of Rosseau's motion to quash clearly stated an "as-applied" challenge to the constitutionality of section 22.011(f) based on federal and state equal protection and due process grounds, namely that the statute treats married defendants differently than unmarried defendants. Further, defense counsel's argument at the hearing reinforced that he was only challenging the "application of the statute to Rosseau." Even though no evidence was presented at the motion to quash hearing, in granting the motion the trial court reasoned, "the evidence is not going to show . . . they were engaging in bigamy;" however, this pretrial ruling was made before the presentment of any evidence concerning the particular facts and circumstances of the case.

In *Flores v. State*, 245 S.W.3d 432 (Tex. Crim. App. 2008), the court noted that the purpose of a pre-trial motion such as a motion to quash the indictment is to address "those issues that can be determined before there is a trial on the general issue of the case." *Id.* at 437 (quoting *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)). The purpose of a pretrial motion is to address "preliminary matters, not the merits of the case itself." *Woods*, 153 S.W.3d at 415 (pretrial proceedings are not intended to be "mini-trials" on the sufficiency of the evidence to support an element of the offense). The court in *Flores* affirmed the denial of a pre-trial motion to quash the indictment based on an "as-applied" equal protection challenge because it could have been resolved only by evidence adduced at trial; the court stated it was therefore not a proper issue for pretrial resolution. *Id.*; *see also id.* at 442-43 (Cochran, J., concurring, and stating that a constitutional challenge to a penal statute "as applied" to the defendant is properly made only after all of the evidence has been developed at trial, either through a motion for new trial or a motion in arrest of judgment).

It follows that a pretrial motion to quash an indictment may be used only for a facial challenge to the constitutionality of a statute. *See Sheldon v. State*, 100 S.W.3d 497, 505 (Tex. App.—Austin 2003, pet. ref'd) (op. on reh'g) (motion to quash indictment may be used only for facial challenges to statute's constitutionality, not for an "as applied" challenge which may be brought in the trial court through a post-conviction motion) (citing *State v. Rosenbaum*, 910 S.W.2d 934, 946, 948 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g)); *see also Scott v. State*, 322 S.W.3d 662, 665 n.1 (Tex. Crim. App. 2010) (a statute may be challenged as unconstitutional "on its face," which means that, by its terms, it always operates unconstitutionally, or as unconstitutional "as applied," which means that it operates unconstitutionally with respect to the claimant because of his particular circumstances).

In his appellee's brief, Rosseau makes an argument that section 22.011(f) is unconstitutional "on its face," as well as in its application to Rosseau. However, neither the text of his motion to quash nor his argument in the trial court raised a facial challenge to the constitutionality of section 22.011(f). *See Karenev*, 281 S.W.3d at 434 (holding a facial challenge to the constitutionality of a statute may not be raised for the first time on appeal; it is a forfeitable right). In raising only an "as applied" challenge, Rosseau conceded the general constitutionality of section 22.011(f), and asserted only that the statute is unconstitutional as applied to his particular facts and circumstances; therefore, he had the burden to show that section 22.011(f), in its operation, is unconstitutionally applied to him. *Lykos*, 330 S.W.3d at 910 (court considering "as applied" challenge looks to challenger's conduct alone). In the context of a pretrial motion to quash, he could not meet that burden and his "as applied" challenge fails.

At oral argument, counsel for Rosseau insisted that, in addition to the "as applied" constitutional challenge, a facial challenge can be found within his motion to quash. Even if we could discern a facial challenge within Rosseau's motion, he has failed to rebut the presumption of constitutionality by proving the statute operates unconstitutionally in all its applications, and can never be constitutionally applied to any defendant charged under section 22.011 under any set of facts and circumstances. *Id*, at 908-09 (to prevail on facial challenge, party must show statute always operates unconstitutionally, in all possible circumstances); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002) (analysis of statute's constitutionality must begin with presumption that statute is valid and legislature did not act arbitrarily or unreasonably in enacting it).

*Conclusion*

As in *Calton* and *Reyes*, section 22.011(f) does not merely prescribe an increased punishment range when the additional fact of bigamous conduct is proven, but requires proof of the additional fact as an element in order for the first-degree felony conviction to occur. *See Calton*, 176 S.W.3d at 234; *see also Reyes*, 314 S.W.3d at 81. Therefore, the State has the right to appeal the trial court's order quashing the subsection (f) portions of the indictment because the order altered the face of the indictment, changed the nature of the offense on which the State's prosecution could proceed, and effectively terminated the State's prosecution of Rosseau for commission of first degree felony sexual assault. Rosseau's motion to quash challenged the constitutionality of section 22.011(f) only as it applied to him. Because an "as-applied" constitutional challenge cannot be resolved through a pre-trial motion to quash prior to presentment of the evidence, we sustain the State's first issue. This issue is dispositive of the State's appeal, and therefore we need not address its second issue.

Based on the foregoing analysis, we reverse the trial court's order quashing the subsection (f) portions of the indictment, reinstate the original indictment, and remand the case to the trial court for further proceedings on the original indictment.

Phylis J. Speedlin, Justice

PUBLISH