

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00478-CR

| | | |
|---|---|---|
| Edward Lynn Russell | § | From the 396th District Court |
| | § | of Tarrant County (1254067R) |
| v. | § | February 21, 2013 |
| | § | Opinion by Justice Meier |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bill Meier


**NO. 02-11-00478-CR**

EDWARD LYNN RUSSELL                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant Edward Lynn Russell appeals his conviction on eleven counts of violating a civil commitment requirement as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.085(a) (West 2010). We will affirm.

In February 2008, Russell agreed to a final judgment identifying him as a sexually violent predator as defined in health and safety code section 841.003

---

[1]*See* Tex. R. App. P. 47.4.

and ordering him to be civilly committed for outpatient treatment and supervision in accordance with chapter 841 of the health and safety code. *See id.* §§ 841.001–.151 (West 2010 & Supp. 2012). In addition to addressing Russell's treatment and supervision, the order of civil commitment required him to "reside in supervised housing at a Texas residential facility under contract with the Council on Sex Offender Treatment (Council) or at another location or facility approved by the Council"; to "submit to tracking under a global positioning satellite (GPS) monitor or other monitoring system provided"; to "exactingly participate in and comply with the specific course of treatment provided by the Council"; and to "comply with all written requirements of the Council and case manager."[2] The commitment order also contained the following notice: "**EDWARD RUSSELL shall strictly comply with the commitment requirements of Health & Safety Code § 841.082 and this Order of Commitment, or will be charged with a felony of the third degree, which may be enhanced to a more severe punishment**."

At the outset of his commitment and treatment, Russell reviewed and agreed to abide by all of the rules and requirements contained in the following documents: "Civil Commitment Requirements: Standard Requirements of the

---

[2]The Council on Sex Offender Treatment (the Council) is now called the Office of Violent Sex Offender Management. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 347, § 16, 2003 Tex. Gen. Laws 1505, 1514, *amended by* Act of May 23, 2011, 82nd Leg., R.S., ch. 1201, § 3, 2011 Tex. Sess. Law Serv. 3197, 3199 (current version at Tex. Health & Safety Code Ann. § 841.002(4) (West Supp. 2012).

Treatment Program"; "Council on Sex Offender Treatment Supervision Requirements"; "Council on Sex Offender Treatment Additional Supervision Requirements"; and "Council on Sex Offender Treatment Global Positioning Tracking Service Requirements for MTD." In 2009 and 2010, Russell signed additional documents evidencing his agreement to abide by various requirements of his commitment.

During the course of his outpatient treatment and supervision, Russell failed to comply with numerous written treatment requirements.[3] Consequently, in May 2010, he was unsuccessfully discharged early from the sex offender treatment program. Russell was later indicted on eleven counts of violating a civil commitment requirement as a sexually violent predator.[4] At trial, Russell's former case managers, Wesley Griffin and Lawrence Daniels, testified about Russell's violations of his treatment requirements. After convicting Russell on each count, and upon his plea of true to the repeat offender notice, the jury assessed Russell's punishment at twenty years' confinement and a $10,000 fine for each count. The trial court sentenced Russell accordingly.[5]

---

[3]Among other things, Russell failed to maintain a current thought journal, caused a "bracelet-gone alert" (regarding his GPS system) to be activated, failed to take medication, masturbated to a deviant fantasy involving a male child, and had sex with a young male resident of the halfway house.

[4]The State waived five other counts.

[5]The trial court ordered the sentences to run concurrently.

4

In his first and second points, Russell argues that, as applied to him, chapter 841's civil commitment statutory scheme violated his federal due process and state due course of law rights and the separation of powers provision of the Texas constitution because it allowed private persons—his case managers— (a) to create a treatment plan with requirements that, if violated, subjected him to discharge from the treatment program without a hearing and criminal prosecution and (b) to unilaterally determine whether he violated the civil commitment order for failing to comply with a civil commitment requirement. *See* U.S. Const. amend. XIV; Tex. Const. art. I, § 19, art. II, § 1.

We initially observe that Russell raised constitutional objections to chapter 841 in his motion to quash, which he filed—and the trial court denied without considering any evidence—the same day the trial began. Although Russell articulated due process and due course of law grounds, he did not assert any argument based upon the Texas constitution's separation of powers provision. Because Russell raises his separation of powers argument for the first time on appeal, he failed to preserve his second point for appellate review. *See* Tex. R. App. P. 33.1(a); *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995) (reasoning that as-applied challenge cannot be raised for the first time on appeal); *Shaffer v. State*, 184 S.W.3d 353, 363 (Tex. App.—Fort Worth 2006, pet. ref'd) (holding same). We overrule Russell's second point.

Assuming without deciding that Russell's due process and due course of law arguments are preserved,[6] they are nonetheless unpersuasive. Russell complains about his case managers "set[ting] treatment plans," but the legislature expressly required the Council (now known as the "Office") to "approve . . . a treatment plan for the committed person to be developed by the treatment provider." Tex. Health & Safety Code Ann. § 841.083(a). Thus, while the treatment provider develops the treatment plan, the Office approves it. Under this framework, Russell's case managers did not have unbridled authority to devise—and require Russell to abide by—any civil commitment requirement that they could potentially imagine without the requirement first being approved by the Office. Indeed, here, each of the documents that Russell reviewed and approved upon entering the treatment program contains a notation at the bottom right corner indicating the date that the "CSOT," or Council on Sex Offender Treatment, last revised it.

---

[6]*See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011) ("'Since [a contention that a statute is unconstitutional as applied] requires a recourse to evidence, it cannot be properly raised by a pretrial motion to quash the charging instrument.'"); *State v. Rosseau*, No. 04-10-00866-CR, 2011 WL 6207037, at *7–8 (Tex. App.—San Antonio Dec. 14, 2011, pet. granted) (stating that an as-applied constitutional challenge "may not be resolved pretrial because it depends on development of the specific facts of the case showing how the statute is being applied to the defendant" and holding that as-applied constitutional challenge was not preserved because it was raised in motion to quash and no evidence was presented at pretrial hearing on motion to quash); *but see Lawson v. State*, 283 S.W.3d 438, 443 (Tex. App.—Fort Worth 2009, pet. ref'd) ("For this court to review an attack on the constitutionality of a statute 'as applied,' Lawson must first have raised the issue before trial by written motion and have obtained a ruling on the motion.").

Further, the case managers did not have the power to determine or define what did and did not constitute "criminal conduct," as Russell argues. That responsibility lies with the legislature. Exercising that authority, it has determined that "[a] person commits an offense if, after having been adjudicated and civilly committed as a sexually violent predator under this chapter, the person violates a civil commitment requirement imposed under Section 841.082." *Id.* § 841.085(a). Subsection four of section 841.082 requires the sexually violent predator's "participation in and compliance with a specific course of treatment provided by the office and compliance with all written requirements imposed by the case manager or otherwise by the office." *Id.* § 841.082(a)(4). Russell's order of civil commitment included this requirement.

Nor could Russell's case managers have unilaterally determined whether he "violated" the civil commitment order for failing to comply with a civil commitment requirement. Although the case managers were tasked with *reporting* Russell's violation of a commitment requirement, and the indictment *accused* Russell of violating a commitment requirement, it was the jury that had the ultimate responsibility of determining whether Russell committed a "violation" of his commitment order. *See* Tex. Code Crim. Proc. Ann. art. 21.01 (West 2009) (providing that the indictment accuses the person named therein of some act or omission which, by law, is declared to be an offense), art. 36.13 (West 2007) (providing that the jury is the exclusive judge of the facts); *see also* Tex. Health & Safety Code Ann. § 841.085(a). According to the record, including the

7

trial court's charge to the jury at the guilt phase, that is precisely what happened in this case. Russell had both notice of the charges against him and an opportunity to be heard. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (addressing due process argument). We overrule Russell's first point and affirm the trial court's judgment.


                                        BILL MEIER
                                        JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 21, 2013