

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00048-CR

DARION DEANDRE LANE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1476334R

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

A jury found Appellant Darion Deandre Lane guilty of assaulting a family member by impeding the normal breathing or circulation of the blood while having a prior conviction for assault on a family member and of assaulting a family or household member while having a prior family-violence conviction. *See*

---

[1]*See* Tex. R. App. P. 47.4.

Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(A), (B), (b–2) (West Supp. 2016).

Lane perfected this appeal, and in a single point, he argues that Texas Code of Criminal Procedure section 38.371, under which extraneous offense evidence was admitted during his trial, is facially unconstitutional. We will affirm.

## II. BACKGROUND

On December 10, 2015, Arlington police officers responded to a 9-1-1 call around 7:00 a.m. involving domestic violence at an apartment complex. When the officers arrived, they found the victim sitting in her car near the entrance to the apartment complex. The officer in charge of the investigation initially noted that the victim had blood on the bridge of her nose and marks on her forehead. While questioning the victim, the officer in charge of the investigation noted that the victim had straight-line marks around her neck. The victim told the police that from around midnight until around 7:00 a.m. that morning, Lane had kicked her in the face, had punched her in the head and the stomach, and had choked her. She also said that Lane was armed with a knife and was still in the apartment with their four-year-old child. Officers secured the scene and arrested Lane.

At a pretrial hearing, Lane argued as follows:

> [DEFENSE COUNSEL]: Just very quickly. With respect to -- with respect to 371, just for purposes of the record, I anticipate the Court's position on the matter. We would argue that 38.371, though codified, violates my client's right to due process, and we'd ask that there just not be a carte blanche discussion of the entirety of his relationship with [the victim] particularly if she does not come in to testify to answer. Because it puts us at the disadvantage of not being able to confront her, and we just never have gotten prior -- or

2

statements to contradict or any hearsay statement or anything else that would come in regarding that.

> With respect to discussing priors that have nothing to do with [the victim], I take it that the State is in agreement, other than the jurisdictional prior, which we do concede is proper before the jury[.]

> THE COURT: Well, prior to going into other acts between this defendant and this victim, we will have a brief hearing outside the presence of the jury just to determine what is admissible under 38.371(b).

> [PROSECUTOR]: Okay. And we'll ask for that, I guess, just right up front, because it'll be one of our first witnesses, if that's okay.

> THE COURT: That's fine.

During the course of the trial, the trial court admitted various pieces of evidence—including recordings of 9-1-1 calls that occurred before and after December 10, 2015, involving incidents in which Lane assaulted the victim; a picture of the victim's injuries after an assault on May 8, 2016; and Lane's previous conviction for assault involving family violence with the same victim—over Lane's hearsay, relevancy, and confrontation clause objections.

After the jury returned a guilty verdict but prior to sentencing, Lane moved for a mistrial and re-urged his hearsay, confrontation clause, and due process arguments:

> [DEFENSE COUNSEL]: Your Honor, only for appellate purposes, and I do not mean to interrupt you, I wanted to make a motion that on the totality of the evidence, violated my client's rights to confrontation and hearsay, and that the level of extraneous[] [offenses] offered in this trial in effect violated his due process. We would request a mistrial in this matter.

3

THE COURT:  That's denied.

The trial court then found the repeat offender notice to be true, assessed Lane's sentence at fifteen years' confinement on count one (assault involving a family member by impeding the normal breathing or circulation with a prior conviction) and at ten years' confinement on count two (assault of a family or household member with a prior conviction), and sentenced Lane accordingly.

## III.  FACIAL CHALLENGE WAS NOT PRESERVED

In his sole point, Lane argues that that Texas Code of Criminal Procedure section 38.371 is facially unconstitutional.[2]

A facial challenge attacks the statute itself rather than a particular application of it.  *City of Los Angeles v. Patel*, 135 S. Ct. 2443, 2449 (2015).  A facial challenge is based solely upon the face of the penal statute and the charging instrument, while an as-applied challenge depends upon the evidence adduced at a trial or hearing.  *Karenev v. State*, 281 S.W.3d 428, 435 (Tex. Crim. App. 2009) (Cochran, J., concurring).

A facial challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial; a facial challenge to the constitutionality of a statute may not be raised for the first time on appeal. *See id.* at 434; *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (op. on reh'g).  Additionally, the complaint made on appeal must

---

[2]Although Lane mentioned the confrontation clause in the trial court, he argues only due process on appeal.

4

comport with the complaint made in the trial court, or the error is forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009). Moreover, a reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Lane raised only an as-applied due process challenge in the trial court. He did not argue in the trial court that section 38.371 is facially unconstitutional; he did not file a motion for new trial to raise his facial challenge to the statute. Lane's objections—made during pretrial and immediately prior to sentencing— were based solely on how section 38.371 was applied to the specific evidence adduced during the trial of other extraneous offenses involving acts of domestic violence committed by Lane against the victim. Lane did not attack section 38.371 itself and thus did not inform the trial court that he was challenging section 38.371 as facially unconstitutional. *See Patel*, 135 S. Ct. at 2449. Accordingly, because Lane did not present a facial challenge to the constitutionality of section 38.371 in the trial court, he has not preserved this issue for appeal. *See* Tex. R. App. P. 33.1(a); *Karenev*, 281 S.W.3d at 434; *see also State v. Rosseau*, 398 S.W.3d 769, 779 (Tex. Crim. App. 2011) (determining that appellant presented only an as-applied challenge to statute because neither the text of the motion to quash nor his argument in the trial court raised a facial challenge to the constitutionality of the challenged statute). We overrule Lane's sole point.

5

## IV. Conclusion

Having overruled Lane's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 26, 2017