

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-11-00796-CR

The **STATE** of Texas,
Appellant

v.

Priscilla Aguilar **HERNANDEZ**,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B11-565
The Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 28, 2012

REVERSED AND REMANDED

The State appeals the trial court's pre-trial order quashing the indictment based on inadequate notice to the defendant of the particular bigamous conduct under section 25.01 of the Penal Code used to elevate the offense of sexual assault from a second degree to a first degree felony.  TEX. PENAL CODE ANN. §§ 22.011(f), 25.01 (West 2011 & West Supp. 2012).  We reverse and remand for further proceedings consistent with this opinion.

**BACKGROUND**

Priscilla Aguilar Hernandez was charged with sexual assault of a child in a ten-count indictment. TEX. PENAL CODE ANN. § 22.011(a)(2)(C) (West 2011). Each count alleges that Hernandez committed sexual assault against M.A., a child younger than 17 years of age, by causing the sexual organ of M.A. to penetrate the female sexual organ of Hernandez, and that "[M.A.] was a person whom PRISCILLA AGUILAR HERNANDEZ was prohibited from marrying under Section 25.01 of the Texas Penal Code." *See id.* § 22.011(f); *id.* § 25.01(a) (providing in relevant part that a person commits the offense of bigamy if: (1) she is legally married and (A) marries or purports to marry another person, or (B) lives with another person under the appearance of being married; or (2) if the other person is married and (A) she marries or purports to marry that person, or (B) lives with that person under the appearance of being married). The allegation under section 22.011(f) elevates the sexual assault offense from a first degree felony to a second degree felony. *Id.* § 22.011(f). Hernandez filed a pre-trial motion to quash the indictment challenging the constitutionality of section 22.011(f), and an amended motion to quash adding an argument that the indictment failed to provide adequate notice because it "fails to allege how the victim was a person whom Priscilla Aguilar Hernandez was prohibited from marrying under § 25.01 of the Texas Penal Code." After a hearing, the trial court granted the amended motion to quash the indictment based on "the lack of notice as to how 25.01 applies to this case." The court specifically stated it was not ruling on the constitutionality of section 22.011(f). The State now appeals the dismissal of the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2012).

**MOTION TO QUASH INDICTMENT**

We review the trial court's ruling on the motion to quash the indictment de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010); *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). An indictment must be specific enough to inform the accused of the nature of the charge against her so she may prepare a defense. *Moff*, 154 S.W.3d at 601 (accused has constitutional right to sufficient notice). The state and federal constitutional guarantees require that "notice [of the nature and cause of the accusation] be given with sufficient clarity and detail to enable the defendant to anticipate the state's evidence and prepare a proper defense to it." *Sanchez v. State*, 182 S.W.3d 34, 44-45 (Tex. App.—San Antonio 2005), *aff'd*, 209 S.W.3d 117 (Tex. Crim. App. 2006). The Texas Code of Criminal Procedure sets forth the guidelines for a sufficient indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.03 (West 2009) ("Everything should be stated in an indictment which is necessary to be proved."); *id.* art. 21.04 (West 2009) ("The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."); *id.* art. 21.11 (West 2009) ("An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment …."). In sum, to give sufficient notice, the face of an indictment must allege, in plain and intelligible language, all the facts and circumstances required to establish the material elements of the offense charged. *Sanchez*, 182 S.W.3d at 45 (citing *Garcia v. State*, 981

S.W.2d 683, 685 (Tex. Crim. App. 1998)); *Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000) (face of the indictment must provide the requisite notice).

In *State v. Rosseau*, we held that a factual allegation of bigamous conduct under section 25.01 is an element of first degree felony sexual assault under section 22.011(f), rather than merely a punishment enhancement. *State v. Rosseau*, No. 04-10-00866-CR, 2011 WL 6207037, at *5-6, 9 (Tex. App.—San Antonio Dec. 14, 2011, no pet.) ("section 22.011(f) does not merely prescribe an increased punishment range when the additional fact of bigamous conduct is proven, but requires proof of the additional fact as an element in order for the first-degree felony conviction to occur") (citing *Calton v. State*, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005)). As an element of the offense, it must be pled in the indictment and proven beyond a reasonable doubt during the guilt/innocence phase of trial. *Id.* at *5; *Reyes v. State*, 314 S.W.3d 74, 81 (Tex. App.—San Antonio 2010, no pet.).

In the instant case, the charged offense was first degree felony sexual assault under section 22.011. In pleading the elements of the sexual assault offense, the indictment tracked the statutory language of section 22.011(f) by alleging that the victim, M.A., was a person whom Hernandez was prohibited from marrying under section 25.01, in addition to alleging the other elements of sexual assault under subsection (a). TEX. PENAL CODE ANN. § 22.011(a)(2)(C), (f). Generally, an indictment need only track the statutory language defining the criminal offense in order to satisfy constitutional and statutory requirements of notice. *Smith*, 309 S.W.3d at 14 (noting there are rare exceptions); *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998). An indictment tracking the statutory language will generally survive a motion to quash for insufficient notice. *Olurebi v. State*, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994). The State is

not required to allege facts that are merely evidentiary in an indictment. *Smith*, 309 S.W.3d at 14; *Mays*, 967 S.W.2d at 406.

The State argued in the trial court that the indictment was not required to give notice as to "how the victim was a person whom the defendant was prohibited from marrying," and was only required to track the statute, i.e., section 22.011(f), in order to provide sufficient notice. We construe footnote 3 of the State's appellant's brief as bringing this argument forward on appeal. *See* TEX. R. APP. P. 38.9 (appellate court liberally construes briefing rules). As noted, the allegation under subsection (f) of section 22.011, that Hernandez sexually assaulted a person whom she was prohibited from marrying under section 25.01, served to elevate the sexual assault offense from a second to a first degree felony. *See* TEX. PENAL CODE ANN. § 22.011(f); *Rosseau*, 2011 WL 6207037, at *5-6.

We consider the pleading requirements in this situation to be similar to those when the State alleges that a person has committed capital murder or has engaged in organized criminal activity because both offenses incorporate another offense as part of their elements. Capital murder is committed when a murder is intentionally committed during the course of committing or attempting to commit one of several designated felonies. *See* TEX. PENAL CODE ANN. § 19.03(a)(2) (West Supp. 2012). Engaging in organized criminal activity is committed when a person intends to establish, maintain, or participate in a combination or criminal street gang, and commits or conspires to commit one of several enumerated offenses. *See* TEX. PENAL CODE ANN. § 71.02(a) (West Supp. 2012). Courts have consistently held that an indictment alleging capital murder or engaging in organized criminal activity need not allege the particular elements of the underlying offense. *See*, *e.g.*, *Alba v. State*, 905 S.W.2d 581, 585 (Tex. Crim. App. 1995) (indictment need not allege constituent elements of underlying offense which elevates murder to

capital murder); *Kitchens v. State*, 279 S.W.3d 733, 735-36 (Tex. App.—Amarillo 2007, pet. ref'd) (court correctly denied defendant's motion to quash capital murder indictment for failure to allege constituent elements of underlying offense of burglary, even though defendant was forced to attempt to discredit all evidence that could possibly establish any theory of burglary under facts of the case); *Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (in an organized crime case, the state need not allege the manner and means by which the underlying theft was committed); *State v. Rivera*, 42 S.W.3d 323, 328-29 (Tex. App.—El Paso 2001, pet. ref'd) (state need not allege manner and means by which underlying offense such as bribery was committed in organized crime case); *Crum v. State*, 946 S.W.2d 349, 359-60 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd) (in an organized crime case, the state need not allege the manner and means by which the underlying theft was committed).

Accordingly, we hold the State was not required to plead the constituent elements of the offense of bigamy under section 25.01 in order to give adequate notice of the first degree felony sexual assault charge under section 22.011(f). By tracking the statutory language of section 22.011, with respect to both subsections (a)(2)(C) and (f), the indictment provided Hernandez with constitutionally sufficient notice of the nature of the sexual assault charge against her. *Smith*, 309 S.W.3d at 14; *Moff*, 154 S.W.3d at 601.[1]

---

[1] The State also asserts that Hernandez knew she was married at the time of the alleged sexual assaults; thus the indictment provided sufficient notice of the application of subsection (a)(1) of section 25.01. *See* TEX. PENAL CODE ANN. § 25.01(a)(1) (bigamy is committed if a person is legally married and marries or purports to marry another person, or lives with another person under the appearance of being married). This argument fails because in evaluating the adequacy of notice in an indictment, we look to the face of the written indictment to determine whether it provides the necessary information in plain and intelligible language; it is not sufficient to say the accused knew what offense she was charged with, given the presumption of innocence. *See Sanchez*, 182 S.W.3d at 45; *see also Rosseau*, 2011 WL 6207037, at *5.

Based on the foregoing reasons, we conclude the trial court erred in quashing the indictment, and we reverse the judgment and remand for further proceedings.

Phylis J. Speedlin, Justice

PUBLISH