NO. 07-11-00326-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2012

IN THE MATTER OF K.A.

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-764,072; HONORABLE WILLIAM C. SOWDER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

K.A., a minor,[1] appeals a judgment finding that he engaged in delinquent conduct, specifically that he committed the penal offense of retaliation, and resulting order committing him to the care, custody, and control of the Texas Youth Commission for an indeterminate period of time not to exceed his nineteenth birthday. We will reverse the trial court's judgment and remand the cause.

Background

On or about May 9, 2011, Russell Irby, a detention officer at the Lubbock County Juvenile Justice Center, observed that K.A. possessed a pencil in his room. Because

---

[1] Because this is an appeal from a juvenile court proceeding, the juvenile will be referred to by his initials throughout this opinion. See TEX. R. APP. P. 9.8(c)(2).

juvenile detainees are not allowed to have pencils in their rooms, Irby asked K.A. to give him the pencil. K.A. refused Irby's request. Irby then informed K.A. that he would have to call for assistance. K.A. responded to this warning by threatening to jab anyone that tried to take the pencil away from him. However, when Irby called for assistance, K.A. dropped the pencil on the floor.

On June 2, 2011, the State filed an original adjudication petition alleging that K.A. had engaged in delinquent conduct by committing the offense of retaliation based on the incident described above. On August 1, K.A. filed a motion to quash the State's adjudication petition on the basis that it failed to identify the victim as one of the protected classes under the statute and, therefore, failed to state an offense. On the same day, the State filed its amended adjudication petition that identified Irby as a public servant. The sole count in the State's amended petition alleged that:

> In Lubbock County, Texas, [K.A.] . . . on or about the 9[th] day of May, A.D. 2011, did then and there intentionally or knowingly harm or threaten to harm another, to wit: Russell Irby who was then and there a public servant, to wit: detention officer at Lubbock County Juvenile Justice Center, by an unlawful act, to-wit: threatened to jab with a pencil, in retaliation for or on account of the service of another who was attempting to maintain discipline and order.

Trial was held on August 3. During the jury trial, K.A. argued that the evidence failed to establish why he threatened Irby and, consequently, that the State had failed to establish that he had threatened Irby "in retaliation for or on account of the service or status of another as a public servant." See TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011). The State presented evidence to establish that Irby's duties as a public servant included maintaining discipline and order in the Lubbock County Juvenile

2

Justice Center, and that one of the ways that he discharges this duty is by ensuring that detainees do not possess weapons in their rooms.

At the close of evidence, the trial court held a conference with the parties outside of the presence of the jury to discuss the court's charge to the jury. The court's proposed charge included an application paragraph and a special question that essentially mirrored the language used by the State in its amended adjudication petition. K.A. objected to the charge, *inter alia*, because the "attempting to maintain discipline and order" language in the charge is not contained within the retaliation statute. The trial court overruled K.A.'s objections to the charge.

After deliberations, the jury found that K.A. committed the delinquent conduct alleged by the State. On August 4, 2011, the trial court held a disposition hearing after which the trial court ordered K.A. committed to the care, custody, and control of the Texas Youth Commission for an indeterminate period of time not to exceed his nineteenth birthday.

K.A. presents five issues by his appeal. However, because of our disposition, we will address only two of these issues. By his first issue, K.A. contends that the evidence of his retributive intent is legally insufficient to support his conviction. By his fourth issue, K.A. contends that the trial court committed fundamental error in the jury charge by submitting a charge that authorized the jury to convict K.A. without finding all of the elements of the offense of retaliation. Our disposition of K.A.'s fourth issue will pretermit our consideration of the remaining issues presented by K.A. See TEX. R. APP. P. 47.1.

Legal Sufficiency

By his first issue, K.A. contends that the evidence that he possessed the necessary retributive intent to commit retaliation is legally insufficient.

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." Brooks, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by Jackson." Id. When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. See id. at 906–07 n.26 (discussing Judge Cochran's dissenting opinion in Watson v. State, 204 S.W.3d 404, 448–50 (Tex.Crim.App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." Id. at 899. The sufficiency of the evidence is assessed against a hypothetically correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

4

As applicable to this case, to prove that K.A. committed the offense of retaliation, the State had to establish that K.A. intentionally or knowingly threatened to harm another by an unlawful act in retaliation for or on account of the service or status of another as a public servant. See TEX. PENAL CODE ANN. § 36.06(a).

K.A. cites Riley v. State, 965 S.W.2d 1, 2 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd), and In re M.M.R., 932 S.W.2d 112, 115 (Tex.App.—El Paso 1996, no writ), for the proposition that proof that a defendant harmed, or threatened to harm, a public servant while the public servant was lawfully discharging an official duty, without more, fails to establish the retributory element required under the statute. We agree with our sister courts that more is required than proof that K.A. threatened to harm Irby at a time when Irby was discharging his official duties. The plain language of the statute requires that the harm or threat of harm be "in retaliation for or on account of the service." TEX. PENAL CODE ANN. § 36.06(a)(1). Thus, the statute requires the State to prove a retributory element, that the defendant's harm or threat of harm was due to the public servant's status or service.

K.A. does not challenge the sufficiency of the evidence that he threatened Irby. Likewise, K.A. does not challenge the sufficiency of the evidence that Irby was discharging his official duties at the time that K.A. made the threat. Rather, K.A. challenges the sufficiency of the evidence to establish the retributory element connecting his threat to Irby's service.

The evidence establishes that Irby witnessed K.A. holding a pencil in his room, that possession of a pencil in any room is not allowed at any time, and that the purpose

of the rule is to prevent the use of a pencil as a weapon. On the occasion in question, the evidence establishes that Irby asked K.A. to give him the pencil but that K.A. refused. After K.A. refused to comply with Irby's request, Irby informed K.A. that, if he did not give Irby the pencil, K.A. would have to be restrained and the pencil taken from him. In response to this warning, K.A. said that, "if any – anybody tried to come in and take the pencil away from him, he would jab us, any staff." Because the evidence establishes that K.A.'s threat was in direct response to and referenced the warning from Irby regarding the actions that Irby would have to take in discharge of his public duties, we conclude that the evidence was sufficient to allow the jury to reasonably conclude that K.A. made his threat with the retributory element necessary to prove the offense of retaliation.

We overrule K.A.'s first issue.

## Charge Error

By his fourth issue, K.A. contends that the court's charge to the jury authorized the jury to find K.A. guilty of retaliation without finding all of the elements of the offense. Specifically, K.A. challenges that portion of the charge that provides that the jury must find that K.A. threatened Irby "in retaliation for or on account of the service of another who was attempting to maintain discipline and order . . . ." By contrast, for K.A. to have committed the offense of retaliation as specified in the statute, his unlawful act must be "in retaliation for or on account of the service or status of another as a public servant . . . ." Id. In response, the State contends that, while the charge may

6

technically be in error, K.A. was not harmed to such an extent that would authorize this Court to reverse the trial court's judgment.

When presented with a jury charge complaint, we review the charge under Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g) (en banc). Under Almanza, we must first determine whether error exists in the charge and, if we find error, whether such error caused sufficient harm to compel reversal. See Ngo v State, 175 S.W.3d 738, 744 (Tex.Crim.App. 2005). The degree of harm necessary for reversal depends on whether the error was preserved. Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996). Error that was properly preserved by a timely objection will require reversal "as long as the error is not harmless." Almanza, 686 S.W.2d at 171. But, when error is not properly preserved, the error must have resulted in egregious harm to justify reversal. Id. Under either harm standard, the actual degree of harm must be assessed in light of the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole. Id.

We must first determine whether the jury charge was in error. The application paragraph, as well as the special question,[2] in the jury charge replaces the statutorily required phrase "service or status of another as a public servant" with the phrase "service of another who was attempting to maintain discipline and order." As such, the application paragraph removes the "service of another as a public servant" element of

---

[2] The State contends that the "as a public servant" language is only omitted from the application paragraph of the court's charge, but that it was present in the special question. However, both the application paragraph and the special question to the jury omit the statutory element "as a public servant" and replace it with "who was attempting to maintain discipline and order."

7

the retaliation statute. See Tex. Penal Code Ann. § 36.06(a)(1)(A). Instead, under the trial court's charge, the jury could find that K.A. committed the offense of retaliation without finding that K.A.'s threat to jab Irby with a pencil was in retaliation for Irby's service as a public servant. Rather, the trial court's jury charge presupposes that Irby's attempt to maintain discipline and order was within his service as a public servant. Because the court's charge to the jury would allow the jury to find that K.A. committed the offense of retaliation without finding all of the necessary elements of that offense, we conclude that the charge was in error.

To determine the appropriate degree of harm that the error in the court's charge must cause to require reversal, we must determine whether K.A. properly preserved his complaint by a timely objection. During the charge conference, one of K.A.'s objections to the "attempting to maintain discipline and order" language in the charge was that this language is not contained within the retaliation statute. We conclude that this objection was timely and sufficiently specific to make the trial court aware of the complaint that K.A. now presents on appeal. See Tex. R. App. P. 33.1(a). As such, we must now review the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information revealed by the record as a whole to determine whether the error in the application paragraph caused "some harm" to K.A. See Almanza, 686 S.W.2d at 171.

A person cannot be legally convicted of a crime unless the conduct has been made a penal offense by statute. See Banti v. State, 289 S.W.2d 244, 247 (Tex.Crim.App. 1956). Because due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged, Cada v. State, 334 S.W.3d 766,

772-73 (Tex.Crim.App. 2011) (citing Jackson, 443 U.S. at 313), a jury charge "must contain an accurate statement of the law and must set out all the essential elements of the offense." Sanchez v. State, 182 S.W.3d 34, 61 (Tex.App.—San Antonio 2005), aff'd, 209 S.W.3d 117 (Tex.Crim.App. 2006) (quoting Dinkins v. State, 894 S.W.2d 330, 339 (Tex.Crim.App. 1995)). As such, "[a] jury charge which authorizes a conviction without requiring the jury to find all of the elements of the offense charged is fundamentally defective." Id. (quoting Evans v. State, 606 S.W.2d 880, 883 (Tex.Crim.App. 1980)).

Looking to the jury charge as a whole, it authorized the jury to find that K.A. committed the offense of retaliation without finding that K.A.'s unlawful act was in retaliation for or on account of Irby's service as a public servant. While the charge did include an abstract instruction that correctly identified each of the elements of the offense of retaliation, it is significant that both the application paragraph and the special question omitted the "as a public servant" element. The Texas Court of Criminal Appeals has held that, where the application paragraph correctly instructs the jury, an error in the abstract instructions is not egregious. Medina v. State, 7 S.W.3d 633, 640 (Tex.Crim.App. 1999); see Plata v. State, 926 S.W.2d 300, 302-03 (Tex.Crim.App. 1996). However, we have found no authority that a correct abstract instruction can render the omission of an element of an offense from the application paragraph or special question harmless.

From the evidence and arguments presented in this case, it is clear that K.A.'s defensive theory challenged whether he threatened Irby with the requisite retributory intent, in other words, whether K.A.'s threat was in retaliation for or on account of Irby's

9

service as a public servant. Consequently, the erroneous omission of the "as a public servant" element of the retaliation offense in the court's charge to the jury vitally affected K.A.'s defensive theory and struck at the very basis of his case. See Almanza, 686 S.W.2d at 172 (fundamental error must go to the very basis of the case, deprive the accused of a valuable right, or vitally affect his defensive theory.).

Further, that there was evidence presented that would establish that K.A. threatened Irby in retaliation for and on account of his service in attempting to maintain discipline and order and that Irby's attempts to maintain discipline and order was in service of his duties as a public servant does not render the charge error harmless. The jury could not have concluded that Irby's attempts to maintain discipline and order was in service of his duties as a public servant because they were not asked to consider the issue. Stated another way, under this charge, the jury was not given the option to find that Irby's attempts to maintain discipline and order were not in service of his duties as a public servant.

Finally, in its closing argument, the State told the jury that it could find K.A. committed the offense of retaliation even if they did not find that K.A. threatened Irby in retaliation for his service as a public servant because "Irby was a detention officer, was a public servant, [and] was doing his job on that day." This is a misstatement of the law in that it told the jury that it did not need to find the retributory element in order to find K.A. guilty of the offense of retaliation. See Riley, 965 S.W.2d at 2; In re M.M.R., 932 S.W.2d at 115. Further, this misstatement of the law goes to the very heart of K.A.'s defense. When this improper argument is considered in conjunction with the charge's erroneous omission of the "as a public servant" element of the offense, the jury was

10

likely misled into thinking that it need only find that K.A. threatened Irby while Irby was performing his duties as a public servant rather than in retaliation for Irby's performance of those duties.

Consequently, we conclude that the trial court's erroneous jury charge was not harmless and, therefore, requires reversal in this case. See Almanza, 686 S.W.2d at 171. However, even if K.A. had failed to timely object to the error in this jury charge, we would have to conclude that the charge was fundamentally defective because it authorized the jury to find K.A. guilty of the offense without finding all of the elements of the offense beyond a reasonable doubt. See Sanchez, 182 S.W.3d at 62 (citing Evans, 606 S.W.2d at 883). Considering the record as a whole, we conclude that the error in this jury charge was such that it denied K.A. the right to a fair and impartial trial. See Almanza, 686 S.W.2d at 171. As such, this error caused K.A. egregious harm. See id. We sustain K.A.'s fourth issue.

## Conclusion

For the foregoing reasons, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice