

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00444-CR
## No. 10-12-00445-CR

**CHRISTOPHER CHARLES BLAIR,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court Nos. CR07751 and CR07762**

## MEMORANDUM OPINION

In Cause No. 10-12-00444-CR, Christopher Charles Blair was indicted for the offense of engaging in organized criminal activity. In Cause No. 10-12-00445-CR, Blair was indicted for the offense of unauthorized use of a motor vehicle. In each cause number, Blair entered a plea of guilty to the charged offense. The trial court assessed punishment at ten years confinement and a $1000 fine in each cause number and ordered that the sentences run consecutively. We affirm.

In his first issue on appeal in Cause No. 10-12-00444-CR, Blair argues that the trial court erred in accepting his guilty plea because he did not stipulate as to one of the required elements of the charged offense. Article 1.15 of the Texas Code of Criminal Procedure provides that " it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant … in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same." TEX. CODE CRIM. PRO. ANN. art. 1.15 (West 2005). Evidence offered in support of a guilty plea may take many forms, including a "written stipulation of what the evidence against him would be," and such a stipulation "will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense." *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

A person commits the offense of engaging in organized criminal activity if "with the intent to establish, maintain, or participate in a combination or in the profits of a combination … the person commits or conspires to commit one or more of the following: … theft." TEX. PENAL CODE ANN. § 71.02 (a) (2) (West Supp. 2012). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03 (a) (West Supp. 2012).

The written stipulation of evidence states that Blair waives his right against self-incrimination and judicially confesses to the following facts:

> … I did then and there, with intent to establish, maintain, or participate in a combination or in the profits of a combination, said combination consisting of me and Joshua Wayne Stifflemire, Trena Louise Bottlinger,

and Mary Ann Cox, who collaborated in carrying on the hereinafter described criminal activity, conspire to commit the offense of Theft of Material, less than $20,000 by agreeing with each other that we would engage in conduct that constituted said offense, and myself, Joshua Wayne Stifflemire, Trena Louise Bottlinger, and Mary Ann Cox performed an overt act in pursuance of said agreement, to-wit: disassembling stolen property into component parts to recycle for profit.

Blair argues that his stipulation of evidence is insufficient to support his conviction because the stipulation does not include an element of the offense of theft, the owner of the stolen property.

Courts have held that an indictment alleging capital murder or engaging in organized criminal activity need not allege the particular elements of the underlying offense. *State v. Hernandez*, 395 S.W.3d 258, 261 (Tex.App.—San Antonio 2012, no pet.). In an organized crime case, the State need not allege the manner and means by which the underlying theft was committed. *Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex.App.—Hous. [14 Dist.] 2001, pet. ref'd).

A determination of guilt in regard to organized criminal activity requires: (1) an intent to participate in a criminal combination, and (2) the performance of some act, although not necessarily criminal in itself, in furtherance of the agreement. *Barber v. State*, 764 S.W.2d 232, 235 (Tex. Crim. App. 1988). The written stipulation provides sufficient evidence of the offense of engaging in organized criminal activity.

When the evidence admitted apart from erroneously admitted stipulations or stipulated testimony is sufficient to support the conviction, any error in a trial court's failure to comply with Article 1.15 is harmless. TEX. R. APP. P. 44.2 (b); *See Ybarra*, 93 S.W.3d 922, 926-28 (Tex.App.—Corpus Christi 2002, no pet.); *Whitmire*, 33 S.W.3d 330,

335-36 (Tex.App.—Eastland 2000, no pet.). Furthermore, the evidence introduced during the punishment phase of trial is also sufficient to support the trial court's finding of guilt on the other essential elements of the offense. *See Stewart v. State,* 12 S.W.3d 146, 148-49 (Tex.App.—Houston [1st Dist] 2000, no pet.).

Officer Justin Caraway, with the Hamilton County Sheriff's Office, testified at the punishment hearing that he received calls for several weeks of theft of scrap iron and valuable metals from property all over the county. He went to a residence where he located stolen property, and Mary Ann Cox and Josh Stifflemire were present at the residence. Stifflemire admitted that he and Blair had stolen items and that they were transported to be sold for scrap metal. Officer Caraway named several victims of the multiple thefts during his testimony. We overrule the first issue.

In the second issue, Blair contends that the punishment evidence established that the alleged combination intended nothing more than to commit a single offense or engage in a single criminal episode. A "combination" for purposes of engaging in organized criminal activity means "three or more persons who collaborate in carrying on criminal activities." TEX. PENAL CODE ANN. § 71.01 (a) (West 2011). Blair argues that a combination requires more than a single criminal episode and that there is no punishment evidence of a continuing course of conduct. Blair stipulated to the elements of the offense of engaging in organized criminal activity. Moreover, Officer Caraway's testimony at punishment establishes that Blair and three individuals committed the thefts over several weeks and involved several victims. We overrule the second issue.

In the third issue, Blair argues that he was punished for a third degree felony when he committed only a state jail felony. Theft of material less than $20,000 is a state jail felony. TEX. PENAL CODE ANN. § 31.03 (e) (4) (A) (West Supp. 2012). The punishment for engaging in organized criminal activity is one category higher than the most serious offense listed in § 71.02 (a). TEX. PENAL CODE ANN. § 71.02 (b) (West Supp. 2012). The punishment range for engaging in organized criminal activity would be for a third degree felony with the offense of theft of materials less than $20,000. Section 71.02 (c) states that "Conspiring to commit an offense under this section is of the same degree as the most serious offense listed in Subsection (a) that the person conspired to commit." TEX. PENAL CODE ANN. § 71.02 (c) (West Supp. 2012). Blair argues that Section 71.02 (c) applies in this case and that he should have been punished for a state jail felony.

The indictment alleged that Blair both conspired to commit and did commit the offense of engaging in organized criminal activity. Blair stipulated that he engaged in conduct that constituted the offense. The trial court did not err in assessing Blair's punishment. We overrule the third issue.

### Cause No. 10-12-00445-CR

In Cause No. 10-12-00445-CR, Blair raises a sole issue on appeal that the trial court erred in accepting his guilty plea because the evidence in support of the plea was insufficient to comply with TEX. CODE CRIM. PRO. ANN. art. 1.15 (West 2005). A person commits the offense of unauthorized use of a motor vehicle if he "intentionally or

knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07 (a) (West 2011).

Blair signed a written stipulation of evidence. The stipulation states, "on the 20th day of June 2012, in HAMILTON County, Texas, I did then and there, intentionally or knowingly operate a motor-propelled vehicle, to with (sic): an automobile, without the effective consent of Bill Shipman, the owner thereof." Blair argues that the stipulation omits an element of the offense of unauthorized use of a motor vehicle, that he knew he did not have the effective consent of the owner of the vehicle. Blair stipulated that he intentionally operated the motor vehicle without the effective consent of the owner. The trial court did not err in accepting the guilty plea. Moreover, any harm from accepting the guilty plea is harmless. TEX. R. APP. P. 44.2 (b). We overrule the sole issue on appeal in Cause No. 10-12-00445-CR.

We affirm the judgments of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 29, 2013
Do not publish
[CR25]