

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00328-CR

The **STATE** of Texas,
Appellant

v.

Matthew **MURRAY**,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR11683
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 11, 2015

REVERSED AND REMANDED

Matthew Murray was charged with three counts of terroristic threat.  The trial court granted Murray's motion to quash the second and third counts in the indictment.  On appeal, the State of Texas contends the trial court erred because: (1) the basis for quashing the third count was not raised in the written motion; and (2) the trial court's stated reason for quashing the second and third counts relates to issues of evidentiary proof, not inadequate notice.  We reverse the trial court's order and remand the cause to the trial court for further proceedings.

## BACKGROUND

A person commits the offense of terroristic threat "if he threatens to commit any offense involving violence to any person or property with intent to:

***

(4)     cause impairment or interruption of public communications, public transportation, public water, gas, or power supply or other public service;

***

(6)     influence the conduct or activities of a branch or agency of the federal government, the state, or a political subdivision of the state."

TEX. PENAL CODE ANN. § 22.07(a)(4), (6) (West 2011). In this case, the second and third counts of the indictment charged Murray as follows:

### Count II

on or about the 21st day of August, 2012, MATTHEW MURRAY, did threaten to commit an offense involving violence to a person or property, namely: a communication on the internet referencing violence at a school, with intent to cause impairment and interruption of PUBLIC SERVICE, to wit: PUBLIC EDUCATION;

### Count III

on or about the 21st day of August, 2012, MATTHEW MURRAY, did threaten to commit an offense involving violence to a person or property, namely: a communication on the internet referencing violence at a school, with intent to influence the conduct or activities of a branch or agency of the state or a political subdivision of the state, to wit: THE ALAMO HEIGHTS SCHOOL DISTRICT.

As previously noted, the trial court granted Murray's motion to quash as to these two counts, reasoning:

However, I think there are problems with Counts 2 and 3, just based on the arguments of counsel and looking at some case law with regard to what actually constitutes public service, and it's not public education. And the other one was the Alamo Heights School District being a subdivision of the State. I think that was the problem with that.

The State appeals the trial court's order.

## STANDARD OF REVIEW

"The sufficiency of a charging instrument presents a question of law." *Smith v. State*, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010). "An appellate court therefore reviews a trial judge's ruling on a motion to quash a charging instrument *de novo*." *Id*. at 13-14.

## GROUNDS MUST BE STATED IN MOTION

In its first issue, the State contends the trial court erred in granting the motion to quash count III based on its determination that the Alamo Heights School District is not a political subdivision of the state. The State contends Murray's motion did not assert this as a ground to quash count III.

All motions to quash an indictment must be in writing. TEX. CODE CRIM. PROC. ANN. art. 27.10 (West 1989). Although Murray's motion asserted that a school is not a public service for purposes of quashing count II, Murray's motion does not assert that the Alamo Heights School District is not a political subdivision of the state for purposes of quashing count III. A trial court errs in granting a motion to quash based on a verbal argument made at a pretrial hearing that is not included in the written motion. *State v. York*, 31 S.W.3d 798, 803 (Tex. App.—Dallas 2000, pet. ref'd); *State v. Goldsberry*, 14 S.W.3d 770, 775 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Because the contention that the Alamo Heights School District is not a political subdivision of the state was not asserted in Murray's written motion as a basis for quashing count III of the indictment, the trial court erred in quashing count III on that basis.

## INDICTMENT FACIALLY VALID

In its second issue, the State contends the trial court erred in failing to confine its review to the face of the indictment and in granting the motion to quash as to counts II and III based on an evidentiary concern. Although we have held that the trial court erred in granting count III

because Murray's written motion did not assert the ground that was the basis for the trial court's ruling, we address the State's second issue with regard to both counts II and III.

An indictment must be specific enough to inform the accused of the nature of the charge against him so he may prepare a defense. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *State v. Hernandez*, 395 S.W.3d 258, 260 (Tex. App.—San Antonio 2012, no pet.). Generally, an indictment need only track the statutory language defining the criminal offense to satisfy the notice requirements. *Hernandez*, 395 S.W.3d at 261; *Gemoets v. State*, 116 S.W.3d 59, 72 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Jarnigan v. State*, 57 S.W.3d 76, 92 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "An indictment must be facially tested by itself under the law, as a pleading;" "it cannot be supported or defeated by evidence presented at pretrial." *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (op. on reh'g); *see also Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (noting hearing on pre-trial motion to quash should not be a "'mini-trial' on the sufficiency of the evidence to support an element of the offense'" (quoting *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005)); *State v. Meadows*, 170 S.W.3d 617, 620 (Tex. App.—El Paso 2005, no pet.) ("In the pretrial setting, there is neither constitutional nor statutory authority for a defendant to test — or for a trial court to determine — the sufficiency of the evidence to support or defeat an element alleged in the indictment.").

From the language in the indictment and the statutory language set forth above, it is clear that counts II and III of the indictment track the language of sections 22.07(a)(4) and 22.07(a)(6) of the Texas Penal Code. TEX. PENAL CODE ANN. § 22.07(a)(4), (6). Whether a school/public education constitutes a public service and whether a school district is a political subdivision of the state are factual issues that are beyond the scope of a hearing on a pre-trial motion to quash.

- 4 -

Accordingly, the trial court erred in granting the motion to quash on those grounds. *See Lawrence*, 240 S.W.3d at 916; *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620.

## CONCLUSION

The trial court's order granting the motion to quash as to counts II and III of the indictment is reversed, and the cause is remanded to the trial court for further proceedings.

Karen Angelini, Justice

DO NOT PUBLISH